IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00423-BNB

JEREMY PINSON,

      Applicant,

v.

DAVID BERKEBILE,

      Respondent.

---

## ORDER OF DISMISSAL

---

Applicant, Jeremy Pinson, is a prisoner in the custody of the Federal Bureau of Prisons (BOP), who currently is incarcerated at ADX in Florence, Colorado. Applicant initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Action. Applicant has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

In an order filed on February 19, 2014, Magistrate Judge Boyd N. Boland directed Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies. Respondent filed a Response on March 12, 2014, and Applicant filed a Reply on April 7, 2014.

Applicant asserts that his due process rights were violated in the disciplinary proceedings associated with Incident Report (IR) Nos. 2381156, 2451284, 2454283,

2454005, and 2440623 because in each disciplinary proceeding he was denied (1) a mental evaluation pursuant to 28 C.F.R. 541.6; (2) a staff representative to assist him due to his mental illness; (3) a hearing; and (4) an opportunity to present witnesses and documentary evidence before being found guilty.  Applicant seeks expungement of these disciplinary convictions and restoration of privileges and good time.

Respondent asserts that Applicant has failed to exhaust his administrative remedies as to all of the claims in each of the five incident reports at issue.  Respondent asserts that Applicant did not file any administrative remedies or appeals regarding IR Nos. 2451284, 2454283, 2454005, and 2440623.  *See* Prelim. Resp., ECF No. 10, at 3. Respondent further asserts that Applicant raised only the mental evaluation claim in his BP-10 appeal of IR No. 2381156 and failed to assert a denial of mental evaluation in his BP-11 appeal to the Central Office.  *Id.*

Applicant asserts in his Reply that he properly exhausted his administrative remedies in IR No. 2381156 because he reincorporated the arguments from his BP-10 appeal by stating in the BP-11 appeal to the Central Office that "rights were violated as stated in my regional appeal," and the Central Office fully addressed his mental health claim in the response to the BP-11 appeal.  Reply, ECF No. 13, at 2-3.  Applicant further asserts in his Reply that prison staff never delivered the Disciplinary Hearing Officer (DHO) reports and refused to provide appeal forms before the reports were delivered to him in IR Nos. 2451284, 2454283, 2454005, and 2440623.  *Id.* at 2.  Finally, Applicant asserts that following the disciplinary hearings he waited fourteen days for the DHO reports so he could file an appeal.  *Id.* at 6.  Applicant further contends that after the fourteen days he asked Mr. Foster for BP-10 forms to appeal the four incident reports

2

but Mr. Foster denied the forms and told Applicant that he could not appeal the disciplinary proceedings until he had received the DHO reports. *Id.* Applicant also contends that Mr. Foster denied his request for BP-8 forms, precluding his ability to challenge the delay in his receipt of the DHO reports, and told Applicant that DHO issues could only be addressed on a BP-10 form. *Id.* Finally, Applicant contends he waited several months for the DHO reports. *Id.*

On April 21, 2014, Magistrate Judge Boland directed Respondent to submit further briefing regarding the allegations Applicant raised in his Reply. Specifically, Respondent was directed to state if and when Applicant received the DHO reports in IR Nos. 2451284, 2454283, 2454005, and 2440623 and to provide these reports to the Court. Respondent also was directed to state if the BOP requires a prisoner to submit or provide a DHO report before being given a BP-10 form or being allowed to appeal the results of a disciplinary action. Finally, Respondent was directed to address Applicant's futility claim that his counselor, Mr. Foster, refused to provide him with a BP-10 and a BP-8 form resulting in Applicant's inability to exhaust his administrative remedies. Respondent filed a Response on May 12, 2014, and Applicant replied to the Response on May 20, 2014.

Respondent asserts in the May 12 Response that on July 22, 2013, Applicant received DHO reports in IR Nos. 2451284, 2454283, and 2454005. *See* May 12, 2014 Resp., ECF No. 18, at 1-2. Respondent further asserts that in IR No. 2440623, the Unit Disciplinary Committee (UDC) sanctioned Applicant to a loss of commissary privileges for thirty days and did not refer the charges to the DHO for a hearing, *see id.*, ECF No. 18 at 2, and Applicant was advised of the UDC decision on June 3, 2013, *id.*, ECF No.

3

18-6 at 1.  Respondent also states that Applicant was sanctioned with the loss of good conduct time only in IR Nos. 2454283 and 2454005.  ECF No. 18 at 2.

Respondent attached a Declaration by Mr. Foster to the May 12 Response, in which Mr. Foster states that during the time Applicant was assigned to his case load he provided between 100-200 administrative remedy/appeal forms to Applicant.  ECF No. 18-1 at 5.  Finally, Respondent attached a Declaration by Harrell Watts, the BOP National Inmate Appeals Administrator.   Mr. Watts states that he oversees the Bureau's Administrative Remedy Program and confirms that the BOP does not require  an inmate to attach a copy of the DHO report to the appeal of a DHO matter.  ECF No. 18-6 at 3.  Mr. Watts further asserts that if the inmate includes sufficient information with which to identify the DHO matter he will be given appropriate forms without having possession of the report and the BP-10 and BP-11 will be accepted for filing.  *Id.*

Applicant filed a Reply on May 20, 2014, to the May 12 Response.  He claims that, contrary to Mr. Watts' Declaration, he had two disciplinary appeals, Exhibit Nos. 1 and 2, that were denied in part because he did not provide a DHO report.  *See* Reply, ECF No. 20, at 1-2, 6, and 8.  Applicant further claims that Exhibit No. 3 attached to the Reply shows an appeal is rejected even when the charges and date are provided and that Exhibit No. 4 shows the North Central Regional Office (NCRO) often rejects appeals and allows insufficient time to correct a deficiency.  *Id.* at 2, 10, and 12.  Applicant also claims that Mr. Foster never delivered DHO reports to him; but that Mr. Foster states in the Declaration that he had done so, which is stated under penalty of perjury.  *Id.* at 3.  Applicant further contends that other inmates have had their DHO appeals rejected for not providing a DHO report and have witnessed that Mr. Foster

4

denied Applicant BP-10 and BP-8 forms.  *Id.*  Finally, Applicant contends that Mr.

Foster's Declaration should be stricken because he did not sign the Declaration.

*Id.* at 4.

Before discussing the failure to exhaust issues, the Court first notes that

Applicant's perjury and invalid signature claims are egregious.  Mr. Foster does not

state in the Declaration that he delivered the DHO reports to Applicant and his s/

signature is proper.  The perjury accusations against Mr. Foster and request that Mr.

Foster's Declaration be stricken are examples of Applicant's voracity to engage in

abusive litigation.  The claims will be disregarded by the Court.

Second, based on the information provided by Respondent, and Applicant does

not disagree, Applicant was not sanctioned with the loss of good conduct time in IR

Nos. 2451284, 2440623, and 2381156.

Based on the Inmate Discipline Data that is maintained in the BOP's SENTRY

database, IR No. 2381156 involved Applicant being insolent to staff and Applicant was

sanctioned to fifteen days of disciplinary segregation and thirty days of loss of

commissary.  ECF No. 10-3 at 2.  In IR. No. 2451284, Applicant was sanctioned with

fifteen days of disciplinary segregation and a loss of phone privileges for thirty days for

stating he would have slipped his restraints and killed an officer.  ECF No. 10-3 at 2;

ECF No. 18-3 at 2-3.  Finally, in IR No. 2440623, Applicant misused medication by

placing a handful of pills in his mouth and was sanctioned with a loss of commissary

privileges for thirty days.  ECF No. 10-3 at 3; ECF No. 18-6 at 1.  Applicant does not

deny in his Reply that the sanctions for IR Nos. 2381156, 2451284, or 2440623 included only a thirty-day loss of commissary or telephone privileges and in two proceedings disciplinary segregation for fifteen days.

Because Applicant's sanctions in IR Nos. 2381156, 2451284, or 2440623 did not include the loss of good conduct time and did not affect the length of Applicant's sentence, his claims are not properly addressed in a § 2241 action.

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  Thus, "a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012).  "For inmates being punished for misconduct, a liberty interest exists only when the penalty lengthens the confinement or involves an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.' " *Meek v. Jordan*, 534 F. App'x 762, 765 (10th Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).  An inmate must show that the punishment will "inevitably affect the duration of his sentence." *Sandin*, 515 U.S. at 487.  The punishment in IR Nos. 2381156, 2451284, and 2440623 does not inevitably affect the duration of Applicant's sentence and will be dismissed as improperly asserted in this action.  The Court notes, however, that Applicant, along with other abusive tactics, has improperly asserted conditions of confinement claims in previous §

2241 actions and now is subject to filing restrictions as set forth in *Pinson v. Kasdon*,

No. 13-cv-01384-RM-BNB, ECF No. 123 (D. Colo. May 1, 2014).  His restrictions limit

his ability to initiate complaints or habeas actions without representation of a licensed

attorney in the District of Colorado or unless he has obtained permission from the Court

to proceed *pro se*.

Even if the Court were to construe the claims as challenging conditions of

confinement, and Applicant was granted permission to proceed *pro se* in a prisoner

complaint, the Due Process Clause does not protect every change in the conditions of

confinement that has a substantial adverse impact on the prisoner, and his claims lack

merit.  *See Meachum, et al., v. Fano, et al.*, 427 U.S. 215, 224 (1976).  As stated above,

a liberty interest exists only when the penalty involves an "atypical and significant

hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin*, 515

U.S. at 484.

Relevant factors to be considered in determining whether certain conditions of

confinement impose atypical and significant hardship in relation to the ordinary incidents

of prison life include whether the conditions relate to and further a legitimate penological

interest, whether the conditions are extreme, whether the conditions increases the

duration of confinement, and whether the conditions are indeterminate.  *See DiMarco v.*

*Wyo. Dep't of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007).


The loss of certain privileges and being placed on restricted privileges status for

periods of less than ninety days does not subject Applicant to an atypical and significant hardship in relation to the ordinary incidents of prison life. *See, e.g., Grady v. Garcia*, No. 12-1151, 506 F. App'x 812, 814 (10th Cir. 2013) (inmates placement on restricted privileged status for 105 days did not constitute an atypical and significant hardship when compared to the ordinary incidents of prison life); *Meek*, 534 F. App'x at 765 (finding that sixty days in punitive segregation as a disciplinary sanction did not implicate a protected liberty interest).

Applicant's claims regarding IR Nos. 2451284, 2440623, and 2381156, therefore, will be dismissed on the merits.

The remaining two IR Nos. 2454283 and 2454005 include the loss of good conduct time, but they also will be dismissed for the following reasons. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)).

The BOP administrative remedy procedure is available to federal prisoners such as Applicant. *See* 28 C.F.R. §§ 542.10-542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts

administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals.  *See* 28 C.F.R. §§ 542.13-542.15.

Where a determination is made by a DHO, the inmate may skip the initial appeal to the warden and appeal the DHO's decision directly to the Regional Director.  28 C.F.R. § 542.14(d)(2).  As stated above, the step after the Regional Director is a final appeal to the Central Office.  28 C.F.R. § 542.15(a).  The form used to appeal to the Regional Director is a BP-10 and to the Central Office is a BP-11.  *See* 28 C.F.R. § 542.15(a).

The burden of showing exhaustion rests on the applicant in a habeas action. *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *see also Jones v. Davis*, 366 F. App'x 942, 944 (10th Cir. 2010).  Applicant also has the burden of establishing that prison officials made an administrative remedy unavailable to him.  *See Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011) (citing *Jones v. Bock*, 549 U.S. 199, 212 (2006)) (applying PLRA's exhaustion requirement); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).  A remedy is not available when prison officials hinder, thwart, or prevent an inmate's attempts to exhaust that remedy. *Tuckel*, 660 F.3d at 1252 (citing *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010)).  The Court must ensure that "any defects in exhaustion [are] not procured from the action or inaction of prison officials."

9

*Aquilar–Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).

A prisoner, however, may not exhaust "administrative remedies by, in essence, failing to employ them." *Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002). Furthermore, conclusory allegations that administrative remedies are not available are insufficient to excuse a failure to exhaust. *See Mackey v. Ward*, 128 F. App'x 676, 677 (10th Cir. 2005) (discussing futility exception to exhaustion requirement).

The exhaustion of Applicant's remedies with respect to IR Nos. 2454283 and 2454005 is not futile and waiver of the requirement of exhaustion is inappropriate for the following reasons.

First, Applicant does not assert that he requested but was denied a BP-8 form for the purpose of challenging Mr. Foster's alleged denial of the BP-10 form.  Second, Applicant's exhibits in the May 20 Reply do not show a contradiction to Mr. Watts' statement that a DHO report is not required to appeal the results of a disciplinary proceeding and without a report the appeal will be rejected.

In Exhibit No. 1, Applicant's appeal addresses a UDC proceeding and not a DHO hearing.  Reply, ECF No. 20, at 6.  The reason Applicant's incident report was rejected was because a DHO hearing was pending.  Under the remarks section of the Rejection Notice, the administrative remedy coordinator at Florence ADX stated "upon receipt of your DHO report you may appeal to NCRO." *Id.*  Nothing in the Rejection Notice indicates that Applicant must submit a DHO report with his appeal only that his appeal

was premature.

The Rejection Notice provided in Exhibit No. 2 also does not indicate Applicant is required to provide the DHO report.  Under Reject Reason 2 the administrative remedy coordinator states, "You did not provide a copy of the DHO report you wish to appeal or identify the charges and date of the DHO action." *Id.* at 8.  Under the Remarks, the coordinator also states "Please attach a copy of your DHO report upon receipt so we can determine if you are timely." *Id.*  Nothing in this notice indicates that the appeal was rejected because Applicant had not provided a DHO report.  The appeal was rejected because Applicant did not provide sufficient information in the appeal for the NCRO Coordinator to determine the basis for his claims.  Applicant is given the option of providing the report or identifying the charges and date of the DHO action, and the report is requested only for the purpose of determining the timeliness of the appeal. The coordinator does not state that a resubmitted appeal will be rejected if a DHO report is not attached.

Finally, Exhibit No. 3 provides no evidence that an appeal to the NCRO was rejected even though Applicant included the charges and date, and Exhibit No 4 does not pertain to any of the incident reports at issue in this case.  Exhibit No. 4 involves a challenge to the denial of Applicant's placement in a step-down unit.  *See Pinson v. Berkebile*, No. 12-cv-02673-LTB, ECF No. 20-1 at 50 (D. Colo.  Apr. 3, 2014).  Also, the time allowed by the NCRO to correct and resubmit an appeal after it is rejected, which Applicant asserts Exhibit 4 is an example of the alleged insufficient resubmission time,

is not at issue in this action.

Even if Mr. Foster did not provide Applicant with either a BP-8 or BP-10 form, Applicant was not precluded from challenging the denial. Applicant does not state that he requested an administrative remedy form to challenge Mr. Foster's actions and was denied the form. Furthermore, pursuant to BOP Program Statement 5270.09 § 541.8(h) ordinarily the DHO gives an inmate a written copy of the decisions and disposition within fifteen work days of the decision. The Program Statement, however, does not require that a DHO report be provided within fifteen work days. In IR Nos. 2454283 and 2454005, Applicant received a written DHO report on July 22, 2013, within twenty work days of the date the hearings were held on June 21, 2013. ECF No. 18-4 at 1 and 3; ECF No. 18-5 at 1 and 4. Twenty days is not inordinate.

Finally, in Section VIII of both DHO reports, Applicant was advised that he has the right to appeal the action through the Administrative Remedy Program within twenty calendar days of the receipt of the report. First, the Court notes that contrary to Applicant's argument that Section VIII indicates that an inmate must submit a DHO report with his appeal, the Section simply indicates to an inmate that once he receives a report he has twenty days to appeal. The Section does not indicate that Applicant must attach a DHO report to an appeal. Nothing precludes Applicant from filing an appeal prior to having a DHO report in his possession as long as he is able to provide the requested information.

The Court finds no violation of Applicant's due process rights in a requirement

that an inmate must provide specific information when filing an administrative remedy request, which may be available only in the DHO report.  An inmate is provided with sufficient time once he receives the report, twenty days, to submit a remedy request. An inordinate delay in providing the report, however, may be a concern.  Nonetheless, no inordinate delay is found in either IR Nos. 2454283 and 2454005.

Finally, Applicant does not assert that once he received the DHO reports he was denied a BP-10 form or was unable to appeal the results of IR Nos. 2454283 and 2454005.  Therefore, the claims regarding these incident reports will be denied for failure to exhaust administrative remedies.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action dismissed in part on the merits and with prejudice regarding the claims associated with IR Nos. 2451284, 2440623, and 2381156.  It is

FURTHER ORDERED that the Application is denied and the action dismissed in part without prejudice for failure to exhaust administrative remedies regarding the claims associated with IR Nos. 2454283 and 2454005.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that the Motion for Order and/or Counsel, ECF No. 19, is denied as moot.

DATED at Denver, Colorado, this  11th  day of ____June____, 2014.

BY THE COURT:

_____s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court